JOHN C. ULIN (State Bar No. 165524)
John.Ulin@aporter.com
JAMES S. BLACKBURN (State Bar No. 169134)
James.Blackburn@aporter.com
ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

*Attorneys for Plaintiff*
*RCRV, Inc. d/b/a Rock Revival*

FILED
CLERK U.S. DISTRICT COURT

SEP - 5 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

CV12-07609 PSG(PJWx)

| | |
|---|---|
| RCRV, INC. d/b/a ROCK REVIVAL, a California corporation | Case No.: _____ |
| Plaintiff, | COMPLAINT FOR: |
| v. | Breach of Contract |
| J.L.J., INC., a California corporation d/b/a LAGUNA BEACH JEAN CO., and STEVE KIM, an individual. | |
| Defendants. | |

58114747v2

1    Plaintiff RCRV, Inc. d/b/a Rock Revival ("RCRV"), by and through its

2  undersigned counsel, complains of Defendants J.L.J., Inc. d/b/a Laguna Beach Jean

3  Co. ("LBJC") and Steve Kim (collectively, "Defendants"), and alleges as follows:

4  **NATURE OF THE ACTION**

5    1.    This case concerns Defendants' willful and deliberate violation of the

6  parties' July 6, 2012 Settlement Agreement (the "Settlement Agreement") resolving a

7  trademark infringement action brought by RCRV against Defendants in this Court,

8  captioned *RCRV Inc., d/b/a Rock Revival v. J.L.J., Inc. d/b/a Laguna Beach Jean Co.*,

9  No. 11-Civ-8679 (SVM) (FMOx) (C.D. Cal.) (the "First Action").  In the Settlement

10  Agreement, Defendants, for good and valuable consideration, assigned all of their

11  rights, title and interest in and to the designs in dispute in the First Action, including

12  the inverted fleur de lis designs appearing on the back pockets of LBJC's jeanswear

13  products (the "Inverted Fleur De Lis Designs") to RCRV.  Defendants further agreed

14  to permanently cease and desist from advertising, promoting, marketing, distributing,

15  offering for sale and/or selling all jeanswear products bearing the Inverted Fleur De

16  Lis Designs, or any other products bearing designs confusingly similar to RCRV's

17  INVERTED FLEUR DE-LIS DESIGN Trademark.

18    2.    Upon information and belief, Defendants have deliberately ignored and

19  blatantly violated the terms of the Settlement Agreement by, among other things,

20  continuing to promote, market, advertise, distribute, offer for sale and sell jeanswear

21  products bearing the very same Inverted Fleur De Lis Designs they were previously

22  using and selling, and which they specifically agreed to stop using and selling.

23  Copies of such designs were attached as an exhibit to the parties' Settlement

24  Agreement, and are attached hereto as Exhibit A.  As a result of Defendants'

25  continued deliberate use and sale of products bearing the Inverted Fleur De Lis

26  Designs, RCRV is suffering the very same irreparable harm and injury to its goodwill

27  and reputation that it sought to avoid by entering into the Settlement Agreement in

28  the first place.  Such irreparable harm will not subside unless and until Defendants

1  are preliminarily and permanently enjoined from deliberately breaching the

2  Settlement Agreement.

3  **JURISDICTION AND VENUE**

4      3.      This Court has jurisdiction over this matter pursuant to the terms of the

5  August 10, 2012 Order dismissing the First Action, in which the Court "retain[ed]

6  jurisdiction to enforce the [S]ettlement [A]greement between the parties, in

7  accordance with its terms." *See* First Action at Dkt. No. 20.  In particular,

8  Defendants' breach of the Settlement Agreement violates the August 10, 2012 Order

9  dismissing the First Action, and, therefore, the Court has ancillary jurisdiction to

10  enforce the Agreement.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511

11  U.S. 375, 381 (1994); *see also Cranshire Capital, L.P. v. CBTV-Star, LW, Inc.*, 70

12  Fed. Appx. 434, 435-36 (9th Cir. 2003).

13      4.      Venue is properly founded in this judicial district pursuant to (i) 28

14  U.S.C. § 1391(b), because RCRV and LBJC maintain their principal places of

15  business in this judicial district, and because a substantial part of the events giving

16  rise to the claims herein occurred within this judicial district; and (ii) the terms of the

17  Settlement Agreement itself, in which the parties agreed that any action for breach

18  would be brought in this judicial district.

19  **THE PARTIES**

20      5.      Plaintiff RCRV is a corporation organized and existing under the laws of

21  the State of California, and maintains its principal place of business at 4715 S.

22  Alameda Street, Los Angeles, California 90058.

23      6.      Upon information and belief, Defendant LBJC is a corporation duly

24  organized and existing under the laws of the State of California, and maintains its

25  principal place of business within this judicial district at 663 East 22nd Street, Los

26  Angeles, California 90011.

27      7.      Upon information and belief, Defendant Kim is an individual residing in

28  the State of California and having an office located at 663 East 22nd Street, Los

1   Angeles, California 90011.  Upon further information and belief, Defendant Kim is

2   the President of LBJC, and is the moving, active, conscious force directing LBJC's

3   wrongful actions described herein.  Accordingly, Defendant Kim is personally

4   responsible and individually liable for the wrongful actions of LBJC described herein.

5   Further, in the past, Defendant Kim has purported to personally own the designs used

6   by LBJC that were the subject of the First Action and are the subject of this action.

7   Defendant Kim is also a party and signatory to the Settlement Agreement.

8                                        **RCRV'S BUSINESS**

9         8.      RCRV manufactures, promotes, sells and distributes high-quality

10   jeanswear and denim products throughout the United States, including in this judicial

11   district, under the ROCK REVIVAL brand name.

12        9.      ROCK REVIVAL brand jeanswear is sold at retail by such well-known

13   fashion chain stores and department stores as The Buckle and Nordstrom, both in-

14   store and online.  ROCK REVIVAL brand jeanswear and denim products have

15   become very popular in the highly competitive jeanswear market.  Among the many

16   elements that distinguish ROCK REVIVAL jeanswear from its competitors is a

17   distinctive pocket stitch design appearing on the rear pockets of its jeanswear known

18   as the INVERTED FLEUR-DE-LIS DESIGN, which design has come to identify

19   RCRV as the source of products on which it appears (the "INVERTED FLEUR-DE-

20   LIS DESIGN Trademark").

21        10.     The INVERTED FLEUR-DE-LIS DESIGN Trademark is the subject of

22   U.S. Trademark Registration No. 3,581,968, registered on February 24, 2009 on the

23   U.S. Trademark Office's Supplemental Register for jeans.  A copy of the registration

24   certificate for the INVERTED FLEUR-DE-LIS DESIGN Trademark is attached as

25   Exhibit B.

26   **THE SETTLEMENT AGREEMENT RESOLVING THE FIRST ACTION**

27        11.     On October 19, 2011, RCRV filed the First Action, alleging violations of

28   the Lanham Act, 15 U.S.C. §§ 1114 & 1125, arising from Defendants' promotion,

marketing, offering for sale and sale of jeanswear products bearing pocket stitch designs that were virtually indistinguishable from RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark.  Thereafter, on November 22, 2011, Defendants filed Counterclaims against RCRV claiming, *inter alia*, that they had priority over RCRV in their use of the Inverted Fleur De Lis Designs and claiming that Plaintiffs use of the INVERTED FLEUR DE LIS DESIGN infringed on their purported federal and common law trademark rights.

12.     Subsequently, the parties settled the First Action, and entered into a Settlement Agreement dated July 6, 2012, reflecting the terms of their settlement.

13.     Under Paragraphs 1 and 3 of the Settlement Agreement, Defendants, in exchange for good and valuable consideration, assigned all of their rights, title and interest in and to the Inverted Fleur De Lis Designs, and any other inverted fleur de lis designs used or sold by Defendants, to RCRV.

14.     In addition, as part of the Settlement Agreement, Defendants agreed to "permanently cease and desist from designing, manufacturing, advertising, promoting, marketing, importing, exporting, distributing, offering for sale and/or selling" the Inverted Fleur De Lis Designs.  Photographs of certain of the Inverted Fleur De Lis Designs were attached as an exhibit to the Settlement Agreement, and are attached hereto as Exhibit A.

15.     Defendants further agreed that following execution of the Agreement, they would "not design, manufacture, advertise, promote, market, import, export, distribute, offer for sale and/or sell any other products that contain or bear any design that is confusingly similar to [RCRV's] INVERTED FLEUR DE LIS DESIGN."

16.     In addition, Defendants agreed that "[a]t no time following the execution of th[e] Agreement [would they] challenge, oppose, or seek any relief of any kind whatsoever against RCRV with respect to RCRV's ownership and/or use of any design consisting of an inverted fleur de lis design."

17.     Finally, the parties agreed that "[t]he prevailing party in any action for

4

breach of, or otherwise to enforce [the] Agreement, shall be entitled to recover its reasonable costs and attorneys' fees in connection therewith."

### DEFENDANTS' BREACH OF THE SETTLEMENT AGREEMENT

18.     Following execution of the Settlement Agreement, and Defendants' execution and delivery of a written assignment of all of their purported rights, title and interest in any inverted fleur de lis designs to RCRV, including the Inverted Fleur De Lis Designs, Defendants deliberately failed to cease selling jeanswear products bearing the Inverted Fleur De Lis Designs, as they specifically agreed they would do, and instead continued to promote, market, advertise, distribute, offer for sale and sell such products in direct violation of the terms of the Settlement Agreement.

19.     In particular, Defendants have promoted, marketed, advertised, and offered for sale on their Internet website, located at http://shoplbjc.com, jeanswear products bearing the very same Inverted Fleur De Lis Designs they previously were using and selling, and which they agreed they would stop using and selling. Examples of certain of these jeanswear products offered for sale on Defendants' website following execution of the Settlement Agreement are set forth below:



20.     Further, following execution of the Settlement Agreement, Defendants continued to sell jeanswear products bearing the very same Inverted Fleur De Lis Designs they were previously using and selling, and which they agreed to stop using and selling, including the following product which was purchased directly from Defendants' website:

Attached hereto as Exhibit B is a true and correct copy of the invoice reflecting Defendants' sale of this product.

21.    Upon information and belief, Defendants will continue to deliberately use and sell the Inverted Fleur De Lis Designs they previously used and sold, and/or use and sell products bearing other inverted fleur de lis designs, unless otherwise restrained by this Court.

22.    Unless Defendants' deliberate conduct is enjoined, particularly now that RCRV is the owner, by assignment, of all rights Defendants may have previously held in any inverted fleur de lis design, such conduct will severely inhibit and/or destroy the ability of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark to identify RCRV as the exclusive source of goods to which it is affixed, and will deprive RCRV of the benefit of its bargain with Defendants in the Settlement Agreement, and will continue to cause RCRV irreparable harm.

**FIRST CLAIM FOR RELIEF**
**WILLFUL BREACH OF CONTRACT**

23.    The allegations set forth in paragraphs 1 through 22 hereof are adopted and incorporated by reference as if fully set forth herein.

24.    The parties' Settlement Agreement, entered into in order to resolve the First Action is a valid contract, supported by good and valuable consideration.

25.    By having deliberately continued to promote, market, advertise, distribute, offer for sale and sell jeanswear products bearing the Inverted Fleur De Lis Designs, Defendants have materially breached the terms of the Settlement

Agreement, including their undertaking to cease and desist from promoting, marketing, advertising, offering for sale and selling such jeanswear products following execution of the Agreement.

26.     Upon information and belief, by their conduct, Defendants intend to continue to deliberately breach the terms of the Settlement Agreement unless restrained by this Court.

27.     Upon information and belief, by their conduct, Defendants have made and will continue to make profits and gains to which they are not in law or equity entitled.

28.     RCRV has no adequate remedy at law.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

1.     Finding that Defendants have willfully breached the Settlement Agreement.

2.     Declaring that Defendants' breach of the Settlement Agreement violates the August 10, 2012 Order dismissing the First Action.

3.     Directing that Defendants, and all those in active concert and participation with them, including their agents, servants, manufacturers, distributors and customers, and those on notice of this suit, be permanently enjoined from:

(a)     manufacturing, distributing, advertising, promoting, offering for sale and/or selling any jeanswear products bearing any inverted fleur de lis designs; and

(b)     engaging in any conduct constituting unfair competition with RCRV, or other deceptive acts or practices, including, without limitation, the use of design elements and designations associated with RCRV.

4.     Directing that Defendants be required to take such other measures as the Court may deem appropriate to remedy their willful disregard of their obligations under the Settlement Agreement, and their having undermined its core purpose,

including, without limitation, the disgorgement of all consideration paid by RCRV to Defendants pursuant to the terms of the parties' Settlement Agreement.

5.     That Defendants be required to recall all jeanswear products bearing any inverted fleur de lis designs, and all advertising, marketing and promotional materials, and thereafter to deliver up for destruction all designs, artwork, packaging, advertising, marketing and promotional materials, and any means of making such items.

6.     That the Court award RCRV (i) Defendants' profits and RCRV's damages, attorneys' fees and costs, to the full extent provided for by the parties' Settlement Agreement, as well as injunctive and other equitable relief, as a result of Defendant's willful breach of the Settlement Agreement; and (ii) actual and punitive damages as provided for under the common law.

7.     That RCRV be awarded pre-judgment interest on any monetary award against Defendants.

8.     That RCRV be awarded such additional and further relief as the Court deems just and proper.

Dated:  September 5, 2012                    ARNOLD & PORTER LLP


By: _____
     John C. Ulin

          *Attorneys for Plaintiff*

# EXHIBIT A







http://shoplbjc.com/prodimages/Men_Phantom_MediumBlue_CrystalCove_1.jpg







http://shoplbjc.com/prodimages/MnsDblWhiteStitchCrystalCove1.jpg

















Exibit A - Page 22
6/29/2012









Exibit A - Page 26
6/29/2012





































